IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | CIVIL ACTION NO.: |
| v. | | SECTION: |
| AMY'S COUNTRY CANDLES, L.L.C., | | MAG.: |
| | | **JURY DEMAND** |
| Defendant. | | |

## ORIGINAL COMPLAINT and JURY DEMAND

1. Plaintiff files this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et seq.* to correct unlawful employment practices. Plaintiff alleges that Defendant, Amy's Country Candles, L.L.C., engaged in unlawful retaliation when it terminated the employment of Assistant Manager, Chelsea Donnelly ("Ms. Donnelly"), after she complained of what she perceived to be sexual harassment by a co-worker at work. Plaintiff aims to correct Defendant's unlawful retaliatory practices and provide Ms. Donnelly appropriate relief. The specific allegations are detailed with greater particularity in paragraphs 13 through 16 below. Plaintiff also brings this suit to effectuate appropriate injunctive relief to prevent Amy's Country Candles, L.L.C. from taking any future retaliatory adverse action against its employees.

1

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1), (3), and 706(g), as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3), and (g), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3). Venue is proper in this district under 28 U.S.C. § 1391(b) because the unlawful employment practices alleged here were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

**PARTIES**

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-(5)(1) and (3).

5. At all relevant times, Defendant, Amy's Country Candles, L.L.C., has continuously been a limited liability company doing business manufacturing and selling scented candles in the State of Louisiana and the New Orleans metropolitan area.

6. At all relevant times, Defendant continuously had at least 15 employees. Defendant further has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINSTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Chelsea Donnelly filed a charge of discrimination with the Commission alleging that Defendant had violated Title VII.

8. On April 14, 2016, the Commission issued a Letter of Determination to Amy's Country Candles, L.L.C finding reasonable cause to believe that it had unlawfully retaliated against Ms. Donnelly in violation of Title VII.

9. The Letter of Determination also included an invitation for Defendant to join the Commission in conciliation efforts to achieve a just resolution of the matter. With that aim, the Commission communicated with Defendant to seek its input and provide it an opportunity to remedy the discriminatory practice described in the Letter of Determination.

10. After engaging in discussions with Defendant, the EEOC was unable to obtain a conciliation agreement acceptable to the Commission. Accordingly, on August 23, 2016, the Commission issued and mailed to Defendant a Conciliation Failure Notice.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. On or about May 30, 2015, in the state of Louisiana, Defendant engaged in unlawful retaliation in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and § 2000e-3(a).

13. On or about May 26, 2015, while at work as an Assistant Manager at one of Defendant's retail stores, Chelsea Donnelly received a telephone call from a fellow co-worker, Clinton "TC" Keplinger IV, which she claims was of a sexual nature. Ms. Donnelly states Mr. Keplinger made several sexually explicit remarks and propositioned her. Mr. Kelplinger is the

son of Defendant's Owner/CEO, Amy Lassere Benoit. At the time of the alleged telephone call, Mr. Keplinger was an employee of Defendant.

14. The day of the telephone call, Ms. Donnelly complained directly to Defendant's Owner/CEO, Amy Lassere Benoit, telling the Owner that she was offended that Mr. Keplinger would make a sexually explicit telephone call to her at work. Between May 27-29, 2015, Ms. Donnelly again spoke to Defendant's Owner/CEO to complain of Mr. Keplinger's offensive, sexual telephone call.

15. On or about May 30, 2015, before beginning her work shift, Ms. Donnelly received a text message from Mr. Keplinger informing her she was fired. Ms. Donnelly attempted several times to contact Defendant's Owner/CEO to find out what was going on; however, her calls were not answered. That same day, Ms. Donnelly spoke to the store Manager who confirmed that Ms. Donnelly had been fired.

16. In a letter, dated July 8, 2015, that Defendant sent to the Commission during the EEOC's investigation into Ms. Donnelly's charge of discrimination, Defendant's Owner/CEO, Ms. Lassere Benoit, explained that "[Ms. Donnelly] received prank call and claimed it was TC my son Clinton Keplinger IV which is the business owner's son [sic].... Owner and past employee spoke to [Ms. Donnelly] on the matter [sic] and though [sic] it was resolved. [Ms. Donnelly] continued with the matter and was fired."

17. The effects of the unlawful acts complained of in Paragraphs 13 through 16 above have deprived Ms. Donnelly of equal employment opportunities under Title VII of the Civil Rights Act of 1964, as amended.

18. The unlawful acts complained of in Paragraphs 13 through 16 above were intentional.

19. The unlawful acts complained of in Paragraphs 13 through 16 above were done with malice or reckless indifference to the federally protected rights of Ms. Donnelly.

## PRAYER FOR RELIEF

20. Wherefore, the Commission respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in unlawful retaliation prohibited under Title VII.

   B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all individuals and which eradicate the effects of its past and present unlawful employment acts. Such policies, practices and programs include, but are not limited to: developing effective written policies on employee rights and employer responsibilities under Title VII; providing training to Defendant's personnel on federal workplace discrimination laws, and requiring that Defendant provide the Commission Title VII compliance reports;

   C. Order Defendant to make Ms. Donnelly whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, as well as any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

   D. Order Defendant to make Ms. Donnelly whole by providing compensation for past pecuniary and nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental

anguish, pain and suffering, humiliation, and loss of enjoyment of life in amounts to be determined at trial;

E. Order Defendant to pay punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial;

F. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY DEMAND

21. Pursuant to Federal Rules of Civil Procedure 38 and 39, Plaintiff requests a jury trial on all issues raised in the instant Complaint which may be tried by a jury.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

RUDY SUSTAITA
Regional Attorney
ROSE ADEWALE-MENDES
Supervisory Trial Attorney

 /s/ Claudia Molina-Antanaitis
CLAUDIA MOLINA-ANTANAITIS - TA
Attorney-in-Charge
No Bar Roll Number Assigned
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 651-4952; (713) 651-7995 [facsimile]
claudia.molina@eeoc.gov

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

AMY BENOIT
314 HIGHWAY 3185
THIBODAUX, LOUISIANA 70301