UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | NO. 17-6565 |
| AMY'S COUNTRY CANDLES, LLC. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is plaintiff's unopposed motion to enforce a settlement agreement.[1] Because the Court finds that the parties agreed to the terms of the settlement agreement, the motion is granted.

## I. BACKGROUND

Plaintiff U.S. Equal Employment Opportunity Commission filed this Title VII discrimination action against defendant Amy's Country Candles, LLC on July 7, 2017.[2] Trial was scheduled to commence on October 9, 2018.[3] On September 20, 2018, the parties filed a joint motion seeking a 30-day conditional order of dismissal to allow them to finalize a settlement

---

[1] R. Doc. 31.
[2] R. Doc. 1.
[3] R. Doc. 11 at 3.

agreement that would resolve the matter entirely.[4] The Court granted the motion the next day, September 21, 2018.[5] The dismissal order thus gave the parties 30 days to finalize the settlement agreement, after which the case would be dismissed.[6]

On October 22, 2018, the last day before the action was to be dismissed under the 30-day dismissal order, plaintiff filed a motion to enforce the settlement agreement.[7] Plaintiff states that by September 19, 2018, two days before the parties filed their joint motion, the parties had agreed to a full settlement of plaintiffs' claims by way of a joint Consent Decree.[8] But since the parties' joint motion, defendant's counsel has allegedly not responded to plaintiff's requests to finalize the Consent Decree.[9] Plaintiff now moves to enforce the Consent Decree the parties allegedly agreed to on September 19, 2018.[10] Defendant has not filed an opposition to plaintiff's motion.

---

[4]    R. Doc. 29.
[5]    R. Doc. 30.
[6]    *Id.*
[7]    R. Doc. 31.
[8]    R. Doc. 31-1 at 3-6.
[9]    *Id.* at 6.
[10]   R. Doc. 31.

## II. DISCUSSION

Enforcement of settlement agreements regarding Title VII claims is reviewed under federal law. *Harmon v. Journal Publ'g Co.*, 476 F. App'x 756, 757 (5th Cir. 2012) (citing *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981)). Under federal law, "[a] settlement agreement is a contract." *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). The Court will thus use the basic principles of contractual formation to determine whether the parties agreed to the terms of the Consent Decree. *See Courtney v. Andersen*, 264 F. App'x 426, 430 (5th Cir. 2008) (affirming a district court decision enforcing a settlement agreement because the party "manifest[ed] . . . his assent to be bound by the settlement agreement through knowingly receiving and retaining consideration for his claims"); *see also* Restatement (Second) Contracts § 22 (Am. Law Inst. 1981) ("The manifestation of mutual assent to an exchange ordinarily takes the form of an offer or proposal by one party followed by an acceptance by the other party or parties.").

Plaintiff has provided the Court with the parties' email correspondence, which shows that plaintiff offered defendant terms of a Consent Decree and that defendant accepted those terms.[11] First, on

---

[11] *See* R. Doc. 31-3; R. Doc. 31-8.

3

September 5, 2018, counsel for defendant responded to plaintiff's proposed settlement agreement by stating that defendant "agree[s] to the [C]onsent [D]ecree."[12] Defendant's counsel further noted that the "only remaining issue" was finalizing how defendant would make the monetary payments required under the agreement.[13] On September 6, 2018, plaintiff's counsel sent defendant an updated version of the Consent Decree addressing this outstanding issue.[14] The updated version provided that defendant would make the monetary payments via "recurring bank transfers."[15] In this same email, plaintiff's counsel also asked defendant's counsel to send plaintiff additional information related to defendant's owner and defendant's property.[16] On September 14, 2018, defendant's counsel sent plaintiff's counsel the requested information, and stated that defendant had "agreed to do the payments by bank transfer" pursuant to the updated agreement.[17] That same day plaintiff's counsel updated the Consent Decree to include the information defendant's counsel provided.[18] The record therefore

---

[12] R. Doc. 31-8 at 3.
[13] *Id.*
[14] R. Doc. 31-3 at 4.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 3.
[18] *Id.* at 2.

4

establishes that defendant had accepted the terms in the September 14 version of the Consent Decree.

On September 15, 2018, defendant's counsel sent plaintiff's counsel additional banking information to finalize the bank transfer mechanics.[19] On September 19, plaintiff's counsel sent defendant's counsel an updated version of the Consent Decree, which included this additional information in a new paragraph 16.[20] This new paragraph 16 was the only difference from the September 14 version of the agreement.[21] There is no evidence that defendant's counsel ever responded to this September 19 email. But because defendant's counsel had already agreed to make the required payments via bank transfer pursuant to the September 14 version and sent plaintiff's counsel necessary banking information on September 15, the Court finds that defendant accepted the inclusion of this paragraph in the September 19 version. *See* Restatement (Second) Contracts § 19 ("The manifestation of assent may be made wholly or partly by written or spoken words or other acts or by failure to act."). Defendant, through her counsel, therefore also agreed

---

[19]  *Id.*
[20]  *Id.*
[21]  *Id.*

to the terms of the September 19 version of the Decree. Plaintiff has included the September 19 version as Exhibit C to her motion.[22]

In the September 19 email communication, plaintiff's counsel also asked defendant's counsel whether they were the individuals who would serve as defendant's "liaison" with plaintiff under paragraph 26 of the Decree.[23] Because defendant's counsel never responded to the September 19 communication, plaintiff's counsel never received a response this question. The proposed Final Judgment plaintiff has submitted with her motion is identical to the September 19 version of the Consent Decree, but includes the defendant's counsel as the "liaison" under paragraph 26.[24] Because there is no evidence that defendant agreed to this change in the Consent Decree, this paragraph cannot be included in the Final Judgment. But as addressed earlier, the evidence before the Court establishes that the parties agreed to the terms of the September 19 version of the Consent Decree, including the bank transfer information in paragraph 16. The Court therefore grants plaintiff's motion, but will strike paragraph 26 from the Final Judgment.

---

[22] *See* R. Doc. 31-4.
[23] R. Doc. 31-3 at 2.
[24] R. Doc. 31-2 at 8-9.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to enforce the settlement agreement is GRANTED.

New Orleans, Louisiana, this __19th__ day of November, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE