UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | NO. 17-6565 |
| AMY'S COUNTRY CANDLES, LLC. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant's counsel's motion to withdraw as counsel of record.[1] For the following reasons, the motion is denied.

## I.  BACKGROUND

Plaintiff U.S. Equal Employment Opportunity Commission brought this Title VII discrimination suit against defendant Amy's Country Candles, LLC on July 7, 2017.[2] On November 19, 2018, the Court entered a final judgment against defendant.[3] The final judgment reflected a settlement agreement the parties had reached. As part of that agreement, defendant agreed to pay Chelsea Donnelly, the victim of its workplace discrimination, a

---

[1]  R. Doc. 35.
[2]  R. Doc. 1.
[3]  R. Doc. 33.

sum of $6,500.[4] Defendant was to pay Donnelly $2,000 within one month of the entry of the judgment, and then the remaining amount in monthly installments of $300.[5] The agreement provides that if defendant fails to make a scheduled payment, and fails to cure such failure within five days of receiving written notice from plaintiff, any remaining settlement funds owed become due immediately.[6]

Plaintiff represents that defendant failed to make the first $2,000 payment within the timeframe set by the settlement agreement, causing the entire $6,500 sum to become due.[7] Plaintiff further represents that as of May 7, 2019—the date of plaintiff's opposition to defendant's counsel's motion—defendant still owes $3,600.[8] On May 2, 2019, defendant's counsel moved to withdraw as counsel of record for defendant.[9] Plaintiff opposes the motion.[10]

---

[4] *Id.* at 5-8.
[5] *Id.*
[6] *Id.* at 7.
[7] R. Doc. 38 at 3-4.
[8] *Id.* at 4.
[9] R. Doc. 35.
[10] R. Doc. 38.

## II. DISCUSSION

The Court has jurisdiction over this motion because in the final judgment, the Court explicitly "retain[ed] jurisdiction during the term of [the] judgment to assure defendant's full compliance of its obligations and to permit entry of any further orders or modifications as may be appropriate."[11] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (a court may retain jurisdiction over a settlement agreement by including in its order of dismissal a provision stating that it intends to retain jurisdiction).

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *United States v. Porter*, No. 12-198, 2013 WL 5232334, at *5 (E.D. La. Sept. 13, 2013) (internal quotation marks omitted). The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court. *Id.* When evaluating whether to permit an attorney to withdraw, "courts consider factors such as the reason withdrawal is sought, the prejudice the withdrawal may cause to the other litigants, the harm withdrawal may cause to the administration of justice, and the degree to which withdrawal may delay resolution of the case." *Zurich Am. Ins. Co. v. Karken, Ltd.*, No. 98-2833, 1999 WL 307612, at *1 (E.D. La. May 13, 1999). "It is incumbent on

---

[11] R. Doc. 33 at 9.

3

the court to assure that the prosecution of the lawsuit is not disrupted" by the withdrawal of counsel. *Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981).

The Court will not permit defendant's counsel to withdraw. First, counsel have not provided the Court with any reason for their withdrawal.[12] In addition, their withdrawal could prejudice plaintiff and delay the resolution of this case, because it could disrupt plaintiff's ability to enforce the terms of the settlement agreement. *See Zurich Am. Ins. Co.*, 1999 WL 307612, at *1.

According to plaintiff, defendant must pay an additional $3,600 to satisfy its monetary obligations. The Court sees no reason why defendant's counsel cannot remain as the counsel of record for the period of time it will take for defendant to fulfill its remaining obligation or for the Court to enforce the judgment.

### III. CONCLUSION

For the foregoing reasons, defendant's counsel's motion to withdraw is DENIED.

---

[12]  R. Doc. 35.

New Orleans, Louisiana, this __13th__ day of June, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE